UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Cr. No. 18-10038-MLW |
| VICTOR MONTEJO-PABLO, | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    October 1, 2020

The court has received the parties' May 19, 2020 Response (Dkt. No. 99), in which defendant Victor Montejo-Pablo states that he intends to file a motion for reconsideration of the court's denial of his motion to dismiss to the extent that it collaterally challenges Montejo-Pablo's 1992 deportation order. The parties also state that their position is that Montejo-Pablo's alternative argument that this case was not indicted within the statute of limitations is an issue for the jury, but that it may be able to be addressed by the court before trial if no underlying facts are in dispute.

The time for Montejo-Pablo to file his motion for reconsideration has since been extended to October 15, 2020. See Dkt. No. 114.

It is hereby ORDERED that:

1. Defendant Victor Montejo-Pablo's forthcoming motion for reconsideration shall address, among other things, the standards for reconsideration as articulated by the First Circuit in United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009), including why any new arguments were not raised earlier.

2. The parties shall report by October 15, 2020 whether any facts regarding Montejo-Pablo's claim that the Indictment is barred by the applicable statute of limitations are in dispute. If the parties believe that facts are disputed, the parties shall report whether they request that they be resolved by the court before trial on a motion to dismiss or at trial.

The court notes that resolution of this issue by the court before trial may be appropriate even if it would necessitate the resolution of factual disputes. Federal Rule of Criminal Procedure 12(b)(1) generally provides for pretrial decision on motions if they can be "determine[d] without a trial on the merits." United States v. Djokich, 2010 WL 276336, at *1 (D. Mass. Jan. 19, 2010). Rule 12(d) permits the court to defer ruling on a pretrial motion if there is good cause to do so, and the court must defer deciding the motion if it "require[s] review of a substantially complete portion of the evidence to be introduced at trial." United States v. Barletta, 644 F.2d 50, 58 (1st Cir. 1981). "[W]here a decision

2

requires more than a <u>de minimis</u> review of evidence relevant to the general issue but less than a substantially complete duplication of such evidence, the provision vests the timing of the decision in the sound discretion of the district court." <u>Id.</u>; <u>see also</u> <u>United States v. Salemme</u>, 1997 WL 810057, at *1 (D. Mass. Dec. 29, 1997). Accordingly, if the issue of whether the indictment is barred by the applicable statute of limitations can be resolved with "less than a substantially complete duplication," <u>Barletta</u>, 644 F.2d at 18, of the evidence the government expects to present to the jury at trial to prove that Montejo-Pablo unlawfully re-entered the United States as alleged, the court may find it appropriate to conduct an evidentiary hearing on a motion to dismiss, if necessary, and decide the statute of limitations issue before trial.

/s/ Charles P. Kocoras
UNITED STATES DISTRICT JUDGE

3